UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| VIVINT, INC.,<br>     Plaintiff,<br><br>V.<br><br>ALEXANDER ORR,<br>     Defendant. | CIVIL ACTION NO. 5:16-141-KKC<br><br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on the defendant's motion to dismiss (DE 3) and the plaintiff's motion to amend its complaint (DE 6). Neither the plaintiff's complaint nor its tendered amended complaint meet the pleading standards set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcraft v. Iqbal*, 556 U.S. 662 (2009). Given the early stages of this proceeding, however, and the Court's preference for deciding matters on their merits, the Court will grant plaintiff Vivint, Inc. an opportunity to amend its complaint to address the pleading deficiencies explained in this opinion.

With his motion, the defendant Alexander Orr argues that Vivint's complaint does not meet federal pleading standards. Under those standards, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and brackets omitted). In order to survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. The plaintiff must plead "enough facts to state a

claim to relief that is plausible on its face" and to nudge his claim "across the line from conceivable to plausible." *Id.* at 570.

In its complaint, Vivint alleges that it provides home security and energy conservation services to residential and commercial customers. It alleges that one of the products it sells is called the Doorbell Camera system, which is a wireless doorbell system that permits customers to monitor their home and to lock and unlock doors at their home through their home computer or smart phone. Vivint alleges that it is the sole producer and seller of the Doorbell Camera system and that the system is sold only in conjunction with its services. Vivint alleges that it does not permit any other individual or business to sell the system.

Vivint alleges that defendant Alexander Orr, however, sold at least 12 units of the Doorbell Camera system to an individual named William R. Schmakel, who then then attempted to sell those systems on eBay and other websites. (DE 1-1, Complaint ¶¶ 12-13, 19.) Vivint alleges that it did not sell the Doorbell Camera system to Orr and has never had any association with Orr. Vivint alleges, "[o]n information and belief," that Orr obtained the systems "thorough unlawful means, including by stealing the units or by otherwise obtaining them without payment to Vivint and without Vivint's authorization or permission." (DE 1-1, Complaint ¶¶ 16, 23, 30, 36, 47.)

Vivint does not set forth sufficient facts for this Court to draw the reasonable inference that Orr is liable for the misconduct alleged, *i.e.*, stealing the Doorbell Camera systems. *Iqbal*, 556 U.S. at 678. In arguing that its complaint is sufficient, Vivint points to the following allegations:

1) Vivint is the only seller of the Doorbell Camera system;

2

 2) Vivint sells the systems only when it installs them in conjunction with Vivent's services; and

 3) the systems that Schmakel attempted to sell online were sold in their original Vivint packaging.

While these facts are certainly *consistent with* Vivint's allegation that Orr obtained the systems illegally, that is not sufficient. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557)."The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Vivint alleges sufficient facts to permit an inference that the systems that Schmakel attempted to sell were illegally obtained by *someone* but Vivint does not allege any facts from which the Court can draw the reasonable inference that Orr is the one who illegally obtained them. This is true even though Vivint alleges that its employee spoke with Schmakel about the systems Schmakel was attempting to sell. Vivint does not allege that Schmakel told the employee that he received the systems from Orr.

In its response Vivint states that "[a]s stated in the Complaint, Vivint has reason to believe, based on its prior investigation" that Orr sold the systems to Schmakel. (DE 5, Response at 2.) For this assertion, Vivint cites to paragraph 12 of its complaint. But Vivint's complaint does not state in paragraph 12 or anywhere that Vivint's assertion that Orr sold the systems to Schmakel is based on an investigation. The complaint does not mention an investigation.

Instead, the complaint alleges that Vivint's assertion that Orr sold the systems to Schmakel is based "[o]n information and belief." (DE 1-1, Complaint, ¶ 12.) But "the mere

3

fact that someone believes something to be true does not create a plausible inference that it is true." *In re Darvocet, Darvon, & Propoxyphene Prods. Liab. Litig.*, 756 F.3d 917, 931 (6th Cir.2014). The Sixth Circuit has recognized that "pleading on information and belief may be permissible in certain circumstances. For example, sometimes a plaintiff may lack personal knowledge of a fact, but have 'sufficient data to justify interposing an allegation on the subject' or be required to 'rely on information furnished by others.'" *Starkey v. JPMorgan Chase Bank, NA*, 573 F. App'x 444, 447–48 (6th Cir. 2014) (quoting Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1224 (3d ed.2012)). "However, pleading on information and belief is not an appropriate form of pleading if the matter is within the personal knowledge of the pleader." *Id*.

While, if Orr stole the systems, Vivint may not have personal knowledge of how or when he did it, Vivint does have personal knowledge of the facts that have led it to the conclusion that Orr stole the systems. Whether those facts arrived from Vivint's "investigation," its conversation with Schmakel, or some other means, Vivint must plead enough of those facts to permit a reasonable inference that Orr stole the systems. As the complaint stands, there are no facts that connect the stolen systems to Orr.

Vivint has tendered an amended complaint that it asserts adds two additional allegations: that the systems are removed from their original packaging when installed and that the systems at issue were not previously installed. These added allegations support Vivint's claim that the systems at issue were actually stolen, and not purchased from a third party who had legitimately purchased the systems from Vivint. Nevertheless, these added allegations still do nothing to connect Orr with the stolen systems. Accordingly, the Court will deny Vivint's motion to amend its complaint.

Nevertheless, in this case, justice requires that the Court permit Vivint an opportunity to amend its pleading with the benefit of this Court's ruling. This matter is in its early stages and matters should be settled on their merits when possible. Accordingly, the Court hereby ORDERS as follows:

1) defendant Orr's motion to dismiss (DE 3) is DENIED without prejudice;

2) plaintiff Vivint, Inc.'s motion to amend (DE 6) is DENIED; and

3) if Vivint, Inc. wishes to file an amended complaint consistent with this opinion, it must do so within 14 days from the entry date of this order. Failure to do so will result in dismissal of this action.

Dated October 27, 2016.

*Karen K. Caldwell*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY