UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| VIVINT, INC., | CIVIL ACTION NO. 5:16-141-KKC |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| ALEXANDER ORR, | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the defendant's motion to dismiss (DE 12) the plaintiff's amended complaint. For the following reasons, the motion will be denied.

In a prior opinion, this Court ruled that the plaintiff's original complaint did not meet the pleading standards set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcraft v. Iqbal*, 556 U.S. 662 (2009). Instead of dismissing the complaint, however, the Court gave the plaintiff, Vivint Inc., an opportunity to amend it.

The defendant, Alexander Orr, now moves to dismiss the amended complaint filed by Vivint. Under the federal pleading standards, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and brackets omitted). In order to survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. The plaintiff must plead "enough facts to state a

claim to relief that is plausible on its face" and to nudge his claim "across the line from conceivable to plausible." *Id.* at 570.

In its original complaint, Vivint alleged that it provides home security and energy conservation services to residential and commercial customers. It alleged that one of the products it sells is called the Doorbell Camera system, which is a wireless doorbell system that permits customers to monitor their homes and to lock doors at their homes through their home computers or smart phones. Vivint alleged that it is the sole producer and seller of the Doorbell Camera system and that the system is sold only in conjunction with its services. Vivint alleged that it does not permit any other individual or business to sell the system.

Vivint alleged that defendant Orr, however, sold at least 12 units of the Doorbell Camera system to an individual named William R. Schmakel, who then then attempted to sell those systems on eBay and other websites. (DE 1-1, Complaint ¶¶ 12-13, 19.) Vivint alleged that it did not sell the Doorbell Camera system to Orr and that it had never had any association with Orr. Vivint alleged, "[o]n information and belief," that Orr obtained the systems "thorough unlawful means, including by stealing the units or by otherwise obtaining them without payment to Vivint and without Vivint's authorization or permission." (DE 1-1, Complaint ¶¶ 16, 23, 30, 36, 47.)

In its prior opinion, the Court found that Vivint did not set forth sufficient facts for this Court to draw the reasonable inference that Orr was liable for the misconduct alleged, *i.e.*, stealing the Doorbell Camera systems. *Iqbal*, 556 U.S. at 678. The Court found that, while Vivint had alleged sufficient facts to permit an inference that the systems that Schmakel attempted to sell were illegally obtained by *someone*, it had not alleged any facts from which the Court could draw the reasonable inference that Orr is the one who illegally

obtained them. The Court specifically noted that Vivint did not make any allegations from which the Court could infer that Schmakel received the systems from Orr or make any allegations that otherwise connected the stolen systems to Orr. Vivint alleged that its assertion that Orr stole the systems was based on, "[o]n information and belief." The Court explained, however, that such pleading was insufficient because Vivint would have personal knowledge of any facts leading it to believe that Orr stole the systems and should set those facts forth in its complaint. *See Starkey v. JPMorgan Chase Bank, NA*, 573 F. App'x 444, 447–48 (6th Cir. 2014) (quoting Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1224 (3d ed.2012)).

With its amended complaint, however, Vivint now alleges that Schmakel informed it that he purchased at least 12 units of the Doorbell Camera system from defendant Orr. These additional facts nudge Vivint's claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555. Vivint is not required to prove its case at this stage. Nor is it required to allege every fact relevant to its claims.

Accordingly, the Court hereby ORDERS defendant Orr's motion to dismiss (DE 12) is DENIED.

Dated July 19, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY